## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **CASE NO. 09-12261 (MFW)** |
| | § | |
| OPUS EAST, L.L.C., *et al.*[1], | § | |
| | § | |
| Debtors. | § | **JOINTLY ADMINISTERED** |
| | § | |

| | | |
|---|---|---|
| JEOFFREY L. BURTCH, CHAPTER 7 | § | |
| TRUSTEE FOR THE ESTATE OF OPUS | § | |
| EAST, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| OPUS, L.L.C., a Minnesota limited liability | § | **ADV. NO. 11-52423 (MFW)** |
| company, et al. | § | |
| | § | |
| Defendants. | § | |

### JOINT PRETRIAL ORDER

Pursuant to the Local Rules for the United States Bankruptcy Court for the District of Delaware ("Bankr. LR") 7016-2(d) and the Third Amended Scheduling Order (Dkt. no. 209), the parties hereby submit the following Joint Pretrial Memorandum in connection with the trial scheduled for December 16, 2013 in adversary proceeding number 11-52423, *Jeoffrey L. Burtch, Chapter 7 Trustee for the bankruptcy estate of Opus East, L.L.C. v. Opus, L.L.C. et al.* (the "Adversary Proceeding") as follows:

## I.    NATURE OF THE ACTION AND PLEADINGS

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Opus East, L.L.C. (6406); Mercer Corporate Center, LLC (8810) (closed); Apple Valley II, L.L.C. (8849) (closed); APG I, L.L.C. (8527); APG II, L.L.C. (5985); 100 M St. SE L.L.C. (6235); and 1919 Market Philadelphia, L.L.C. (0677) (collectively, the "Debtors").

218

11/20/13

Plaintiff filed his *Complaint To Avoid Transfers Pursuant to 11 U.S.C. §§ 544, 547 and 548 and to Recover Property Transferred Pursuant to 11 U.S.C. §§ 550 and 551; and Other Causes of Action* [Dkt. no. 1] (the "Original Complaint") on June 30, 2011. On March 16, 2012, in accordance with the Scheduling Order [Dkt. No. 53], Plaintiff filed his first Motion for Leave to Amend Complaint [Dkt. no. 67] (the "First Motion to Amend"). Attached to the First Motion to Amend was the Plaintiff's First Amended Complaint to Avoid Transfers Pursuant to 11 U.S.C. §§ 544, 547 and 548 and to Recover Property Transferred Pursuant to 11 U.S.C. §§ 550 and 551; and Other Causes of Action (the "First Amended Complaint"). The Court granted the First Motion to Amend by Order entered April 4, 2012 [Dkt. no. 71].

On October 12, 2012, the Court issued a Memorandum Opinion [Dkt. no. 105] (the "Motion to Dismiss Order") granting in part and denying in part Motions to Dismiss filed by Defendants. The Motion to Dismiss Order dismissed certain causes of action with leave to amend. Accordingly, on November 9, 2012, Plaintiff filed his Second Amended Complaint [Dkt. no. 115] (the "Second Amended Complaint").

The Second Amended Complaint contained sixty (60) causes of action, generally seeking damages on account of (i) alter ego; (ii) breaches of the fiduciary duties of care, loyalty and good faith; (iii) aiding and abetting the aforementioned breaches of fiduciary duties; (iv) avoidance and recovery of preferential and fraudulent transfers from the Defendants, or from any other person or entity for whose benefit the transfers were made pursuant to 11 U.S.C. §§ 544(b), 546, 547, 548 and applicable state law; (v) unjust enrichment; (vi) tortious interference with contracts; (vii) revocation of Opus Core, L.L.C.'s Certificate of Cancellation and recovery of distributions to the members of Opus Core, L.L.C. ("Opus Core"); (viii) conversion; (ix) fraud; (x) wrongful distributions under Delaware state law; and (xi) successor liability, and also seeks imposition of

a constructive trust, disallowance of Defendants' claims under 11 U.S.C. §§ 502 (d) and (j), and subordination of such claims under 11 U.S.C. § 510.

All of the Defendants (except for Opus Core, LLC) filed their Answer to the Second Amended Complaint on December 10, 2012 [Dkt. no. 122]. No counterclaims or crossclaims were pleaded.

On March 7, 2013, Plaintiff filed a Second Motion to Amend Complaint [Dkt. no. 129] (the "Motion to Amend"). Attached to the Motion to Amend was a proposed Third Amended Complaint (the "Third Amended Complaint" or "Complaint"). The Third Amended Complaint adds an additional six causes of action for avoidance and recovery of preferential and fraudulent transfers. Following the filing of an objection to the Motion to Amend [Dkt. no. 132] by the Defendants and a Reply [Dkt. no. 134] by Plaintiff, the Court entered an Order Granting the Motion to Amend on August 6, 2013 [Dkt. no. 157 and 158].

All of the Defendants (except for Opus Core, LLC) filed their Answer to the Third Amended Complaint on August 30, 2013 [Dkt. no. 183]. No counterclaims or crossclaims have been plead.

The Parties participated in an unsuccessful mediation session on January 5, 2012. *See,* Dkt. no. 66.

On August 1, 2013, Plaintiff filed a Motion for Partial Summary Judgment [Dkt. no. 149]. On the same day, Defendants filed their own Motion for Partial Summary Judgment [Dkt. no. 159]. Defendants and Plaintiff each filed Objections to the other's Motions [Dkt. nos. 167 and 168] and Replies thereto [Dkt. nos. 187 and 189]. Notices of Completion of Briefing have been filed [Dkt. nos. 199 and 206]. In his Objection to the Defendants' Motion for Summary Judgment, Plaintiff withdrew Counts 8, 9, 10, 11, 49, 50, 51, 54 58 and 59 as to all Defendants;

withdrew Counts 2 and 16 to the extent they applied to Marshall Burton; and withdrew Count 52 as it relates to the transfers of Nursery Corners, Macungie Crossing I, II, and III, Hastings Marketplace, and the Aberdeen Proving Grounds projects. On November 18, 2013, the Court entered an Order [Dkt. no. 216], approving the withdrawals of the aforementioned Counts, finding that material issues of fact remain in dispute with respect to all other Counts for which the parties sought summary judgment, and directing that trial commence on December 16, 2013.

The parties also have pending motions to exclude portions of expert testimony. Plaintiff filed a Motion to Strike Portions of the Expert Testimony of Daniel Lentz [Dkt. no. 179] on August 26, 2013. On the same day, Defendants filed their own Motion to Exclude Plaintiff's Expert Testimony [Dkt. no. 174]. Defendants responded to Plaintiff's motion on September 9, 2013 [Dkt. no. 195]. And on the same day, Plaintiff's filed a Response in opposition to Defendants' Motion to Exclude Plaintiff's Expert Testimony [Dkt. no 192]. Defendants and Plaintiff each filed their Replies thereto on September 16, 2013 [Dkt. nos. 201 and 203]. The Notice of Completion of Briefing has been filed [Dkt. no. 207]. The Motions are presently pending.

Trial is set to commence on December 16, 2013.

## II.    BASIS FOR JURISDICTION

This Court has subject matter jurisdiction over this Adversary Proceeding, which arises in, or relates to a case under Title 11 ("Title 11") in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No. 08-13031 (MFW) (the "Main Case"), pursuant to 28 U.S.C. §§ 157 and 1334(b) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. The Adversary Proceeding concerns, among other things, the determination, allowance, and amount of claims

under 11 U.S.C. §§ 502, 544, 547, 548, 550 and 551 as well as claims for relief under state law. The Adversary Proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2).

Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409 in that this Adversary Proceeding arises in and relates to a bankruptcy case pending in this District.

## III. BANKRUPTCY COURT ADJUDICATORY AUTHORITY

This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2)(B), (E) and (O).

The Parties consent to the Bankruptcy Court adjudicatory authority to render final orders or judgments in the adversary proceeding, pursuant to the Amended Standing Order of Reference from the United States District Court of Delaware if it is determined that the Bankruptcy Court, absent consent of the Parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## IV. ADMITTED FACTS THAT REQUIRE NO PROOF

1. On July 1, 2009 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") thereby initiating the above-referenced bankruptcy case (the "Bankruptcy Case") and creating its bankruptcy estate (the "Estate").

2. The 90 day period prior to the Petition Date for the preference period of Section 547(b)(4)(A) is from April 2, 2009 – July 1, 2009 (the "Preference Period").

3. The one year preference period prior for insiders pursuant to Section 547(b)(4)(A) is from July 1, 2008 to July 1, 2009 (the "Insider Preference Period").

4.     The two-year statute of limitations period of Section 548(a) is from July 1, 2007 to July 1, 2009 (the "548 Insider Transfer Period").

5.     The three year statute of limitations period of 10 Del. C. 8106 (as extended by 11 U.S.C. 108(a)) is from July 1, 2006 to July 1, 2009 (the "Fiduciary Duty Period").

6.     The four-year statute of limitations for 6 Del. C. §§ 1304 and 1305, made applicable herein through 11 U.S.C. § 544(b) is four years prior to the Petition Date (July 1, 2005 to July 1, 2009 (the "Insider Transfer Period").

7.     On June 30, 2011, Jeoffrey L. Burtch, (the "Trustee" of the "Plaintiff") filed his Complaint (D.I. 1) to commence this adversary proceeding.

8.     In 1982, Gerald Rauenhorst created the following trusts for the benefit of his children and grandchildren (collectively, the "Trusts"):

    a.  The Gerald Rauenhorst1982 Irrevocable Trust f/b/o Children (the "Children's Trust"); and

    b.  The Gerald Rauenhorst 1982 Irrevocable Trust f/b/o Grandchildren (the "Grandchildren's Trust").

9.     Luz Campa served as an individual co-trustee for each of the Trusts from approximately April 13, 1998 through December 31, 2010.

10.    Keith Bednarowski served as an individual co-trustee for each of the Trusts from approximately April 13, 1998 through December 31, 2012.

11.    Paul Lewis has served as an individual co-trustee for each of the Trusts since approximately December 31, 2010.

12.    Adler Trust Company has served as corporate trustee for each of the Trusts since approximately December 22, 1998.  Adler Trust Company is owned 50% by Adler Management, LLC ("Adler Management") and 25% by each of the Trusts.  Adler Management is owned by the children of Gerald Rauenhorst, including Mark Rauenhorst.

13.    The Trusts own 100% of Opus LLC and approximately 99.68% of Opus Corp.

14.    From January 1, 2005 to December 31, 2009, Opus Corp's Board of Directors and their respective service dates were as follows:

| | |
|---|---|
| Gerald Rauenhorst | 4/1/2002 through 6/1/2009 (as Founding Chairman) |
| Keith P. Bednarowski | 4/1/2000 through 3/30/2007 (as Chairman);<br>4/1/2000 through 4/2/2007 (as Director)<br>4/2/2007 through 7/25/2008 (as Chairman Emeritus) |
| Mark Rauenhorst | 4/2/2007 through 10/16/2009 (as Chairman);<br>6/8/1998 through 4/2/2007 (as Director) |
| James A. Bartholomew | 10/16/2009 through End of Report |
| Ned W. Bechtold | 10/1/2004 through 4/3/2009 |
| Timothy G. Becker | 10/16/2009 to End of Report |
| Terry S. Brown | 5/1/2008 through 10/16/2009 |
| Luz Campa | 7/25/2008 through 4/3/2009 |
| Amy R. Goldman | 11/3/2005 through 6/2/2009 |

| Susan I. Marvin | 1/30/1998 through 2/3/2006 |
|---|---|
| Dale Anne Reiss | 10/1/2008 through 4/3/2009 |
| Joseph R. Seiger | 5/15/2006 through 4/3/2009 |
| Michael P. Sullivan | 1/1/1994 through 4/3/2009 |

15.    From January 1, 2005 to December 31, 2009, Opus Corp's Officers and their respective service dates were as follows:

| Timothy Becker | 10/16/2009 through End of Report (as President and CEO) |
|---|---|
| Keith Bednarowski | 4/1/2000 through 3/30/2007 (as Chairman) |
| Lighthouse Management Group, Inc. | 10/16/2009 through End of Report (as Chief Restructuring Officer) |
| Mark Rauenhorst | 4/1/2000 through 10/16/2009 (as President and CEO) |
| Luz Campa | 10/28/2004 through 5/15/2009 (as EVP) |
| James Heller | 1/1/2009 through 1/31/2009 (as EVP) |
| Steven Polacek | 9/26/2005 through 10/16/2009 (as CAO and CFO) |
| Andrew Deckas | 6/23/1998 through 5/1/2009 (as SVP and CIO) |
| Dan Nicol | 6/23/1998 through 9/4/2009 (as SVP, Secretary & GC) <br> 9/26/2005 through 9/4/2009 (as Environmental Compliance Officer) |
| Ronald Schiferl | 6/23/1998 through 6/24/2005 (as SVP and CFO) |
| James Bartholomew | 10/27/2009 through End of Report (as VP and CFO) |
| Suzanne Flannigan | 10/16/2009 through 7/8/2010 (as VP) <br> 10/27/2009 through 7/8/2010 (as Secretary) |
| Linda Gonzales | 1/25/2008 through 8/31/2009 (as VP) |
| Catherine Hart | 3/20/2006 through 9/4/2009 (as VP) |

| Janet Maistrovich | 6/23/1998 through 3/3/2006 (as VP) |
| Gary Derfus | 10/16/2009 through End of Report (as Tax Officer) |
| Timothy Smith | 1/1/2009 through 10/8/2009 (as Tax Officer) |
| Margaret Bozesky | 1/15/2001 through 12/31/2008 (as Tax Officer) |

16.     From January 1, 2005 to December 31, 2009, Opus LLC's Board of Directors and their respective service dates were as follows:

| Gerald Rauenhorst | 4/1/2000 through 6/1/2009 (as Founding Chairman) |
| Keith P. Bednarowski | 4/1/2000 through 3/30/2007 (as Chairman); 4/1/2000 through 7/25/2008 (as Director) |
| Mark Rauenhorst | 4/2/2007 through 10/16/2009 (as Chairman); 9/12/1994 through 4/2/2007 (as Director) |
| James A. Bartholomew | 12/31/2009 to End of Report |
| Ned W. Bechtold | 9/12/1994 through 4/3/2009 |
| Timothy G. Becker | 12/31/2009 to End of Report |
| Margaret A. Bozesky | 10/16/2009 to End of Report |
| Terry S. Brown | 5/1/2008 through 10/16/2009 |
| Luz Campa | 7/25/2008 through 4/3/2009 |
| Amy R. Goldman | 11/3/2005 through 6/1/2009 |
| Paul B. Lewis | 10/16/2009 through 11/19/2009 |
| Susan I. Marvin | 6/23/1998 through 2/3/2006 |
| Dale Anne Reiss | 10/1/2008 through 4/3/2009 |
| Joseph R. Seiger | 5/15/2006 through 4/3/2009 |

| Michael P. Sullivan | 9/12/1994 through 4/3/2009 |

17.    From January 1, 2005 to December 31, 2009, Opus LLC's Officers and their respective service dates were as follows:

| Timothy Becker | 12/30/2009 through End of Report (as President and CEO) |
|---|---|
| Keith Bednarowski | 4/1/2000 through 3/30/2007 (as Chairman) |
| Margaret Bozesky | 11/20/2009 through 12/30/2009 (President, Secretary & Treasurer)<br>10/17/2009 through 11/19/2009 (VP and Secretary)<br>12/30/2009 through End of Report (VP and Secretary)<br>1/15/2001 through 12/31/2008 (Tax Officer) |
| Paul Lewis | 10/17/2009 through 11/19/2009 (President & Treasurer) |
| Lighthouse Management Group, Inc. | 12/30/2009 through End of Report (as Chief Restructuring Officer) |
| Mark Rauenhorst | 4/1/2000 through 10/16/2009 (as President and CEO) |
| Luz Campa | 10/28/2004 through 5/15/2009 (as EVP) |
| James Heller | 1/1/2009 through 1/31/2009 (as EVP) |
| Steven Polacek | 9/26/2005 through 10/16/2009 (as CAO and CFO) |
| Andrew Deckas | 6/23/1998 through 5/1/2009 (as SVP and CIO) |
| Dan Nicol | 6/23/1998 through 9/4/2009 (as Environmental Compliance Officer, SVP, Secretary and GC) |
| Ronald Schiferl | 6/23/1998 through 6/24/2005 (as SVP and CFO) |
| James Bartholomew | 12/30/2009 through End of Report ( as VP, CFO and Treasurer) |
| Linda Gonzales | 1/25/2008 through 8/31/2009 (as VP) |
| Catherine Hart | 5/15/2006 through 9/4/2009 (as VP) |
| Gary Derfus | 10/16/2009 through End of Report (as Tax Officer) |

| Timothy Smith | 1/1/2009 through 10/8/2009 (as Tax Officer) |

18.     Amy Goldman is Mark Rauenhorst's sister and is a beneficiary of the Children's Trust.

19.     In the 1980s Opus Corp and Opus LLC began establishing regional subsidiaries. Opus East, which was wholly owned by Opus LLC, was established in 1994 to develop real estate in the Northeastern and Mid-Atlantic United States.  Opus East maintained its physical headquarters in Maryland.

20.     From January 1, 2005 to December 31, 2009, Opus East's Board of Directors and their respective service dates were as follows:

| Gene Haugland | 12/19/1994 to 4/24/2009 |
| Mark Rauenhorst | 4/1/1999 to 7/1/2009 (as Chairman) |
| Jim Lee | 6/1/2002 to 12/30/2008 |
| Jeffrey M. Rauenhorst | 8/10/2005 to 7/23/2008 |
| Francis Knott | 5/10/2006 to 4/22/2009 |
| Hunter Barrier | 1/1/2009 to 4/15/2009 |

21.     From January 1, 2005 to December 31, 2009, Opus East's Officers and their respective service dates were as follows:

| Hunter Barrier | 1/2009 through 4/15/2009 (as President and CEO) |
| James Lee | 1/1/2005 through 12/31/2006 (as President, CEO and Treasurer) |

| | 1/1/2007 through 12/30/2008 (as President and CEO) |
|---|---|
| Johanna Bolin | 8/20/2004 through 12/31/2006 (as Secretary)<br>1/1/2007 through 7/1/2009 (as CFO, Treasurer and Secretary) |
| Marshall Burton | 8/1/2008 through 7/1/2009 (as EVP) |
| C. Craig Guers | 3/11/2002 through 2/1/2005 (VP)<br>2/1/2005 through 1/16/2009 (as SVP and GM) |
| Scott Brody | 11/1/2005 through 5/1/2009 (as VP – GM)<br>1/1/2005 through 10/31/2005 (as VP) |
| Luz Campa | 4/28/2004 through 5/15/2009 (as VP) |
| Steven Cohen | 1/1/2008 through 6/30/2009 (as VP) |
| Brian Grindall | 11/24/2008 through 5/29/2009 (as VP and GC)<br>5/15/2009 through 5/29/2009 (as Chief Restructuring Officer)<br>5/30/2009 through 6/26/2009 (as General Counsel)<br>6/26/2009 through 7/1/2009 (as VP and GC) |
| Michael Newland | 2/1/2008 through 1/16/2009 (as VP) |
| Tom Olmstead | 1/1/2005 through 4/29/2009 (as VP) |
| Geoffrey Wood | 1/1/2006 through 7/1/2009 (as VP) |
| Timothy Smith | 1/1/2009 through 7/1/2009 (as Tax Officer) |
| Margaret Bozesky | 1/15/2001 through 12/31/2008 (as Tax Officer) |

22.    In addition to Opus East, the other regional operating companies included Opus West Corporation, Opus South Corporation, Opus North Corporation and Opus Northwest, LLC. Opus South, Opus North and Opus West were wholly owned by Opus Corp.   Opus Northwest, like Opus East, was solely owned by Opus LLC.

23.     Opus Corp is a Minnesota corporation that was formed on approximately June 8, 1998.

24.     Opus LLC is a Minnesota limited liability company that was formed on approximately June 23, 1998.

25.     Opus East was a Delaware limited liability company that was formed on approximately September 14, 1994.

26.     Opus Corp's and Opus, LLC's Boards of Directors held their meetings simultaneously.

27.     Opus Financial, LLC was formed in Delaware on approximately December 14, 2004. Opus Financial, LLC is owned 100% by the Trusts.

28.     OUS TFC, LLC was formed in Delaware on approximately November 17, 1994. OUS TFC is owned 100% by the Trusts.

29.     Opus Core, LLC was formed in Delaware on approximately May 10, 2005 and was subsequently dissolved by "Certificate of Cancellation of Certificate of Formation of Opus Core, LLC," filed with the Delaware Secretary of State on approximately June 2, 2009.   Opus Core was owned 100% by the Trusts.

30.     From January 1, 2005 to December 31, 2009, Opus Core's Board of Directors and their respective service dates were as follows:

| Keith Bednarowski | 3/5/2005 through 12/31/2008 |
| Luz Campa | 3/5/2005 through 12/31/2008 |
| Steven Polacek | 1/1/2009 through 10/13/2009 |
| Mark Rauenhorst | 1/1/2009 through 10/13/2009 |

31.    From January 1, 2005 to December 31, 2009, Opus Core's Officers and their respective service dates were as follows:

| | |
|---|---|
| Keith Bednarowski | 5/3/2005 through 12/31/2008 (as President) |
| Mark Rauenhorst | 1/1/2009 through 10/13/2009 (as President) |
| Luz Campa | 5/3/2005 through 12/31/2008 (as VP and Secretary) |
| Tony Korthaus | 11/6/2008 through 10/13/2009 (as VP and Treasurer) |
| Janet Ost | 5/3/2005 through 11/5/2008 (as VP and Treasurer) |
| Steven Polacek | 1/1/2009 through 10/13/2009 (as VP and Secretary) |
| Margaret Bozesky | 1/1/2006 through 12/31/2008 (as Tax Officer) |
| Timothy Smith | 1/1/2009 through 10/13/2009 (as Tax Officer) |

32.    Opus Properties, LLC was formed in Delaware on approximately December 21, 1995.

33.    From January 1, 2005 to December 31, 2009, Opus Properties' Board of Directors and their respective service dates were as follows:

| | |
|---|---|
| Keith Bednarowski | 5/2/2009 through End of Report |
| Luz Campa | 5/2/2009 through End of Report |
| Andrew Deckas | 5/2/2009 through End of Report |
| Paul Lewis | 5/2/2009 through End of Report |
| Dan Nicol | 3/1/1996 through 5/1/2009 |
| Steven Polacek | 9/25/2005 through 5/1/2009 |
| Mark Rauenhorst | 1/1/1999 through 5/1/2009 |
| Ronald Schiferl | 5/1/1998 through 6/24/2005 |

34.    From January 1, 2005 to December 31, 2009, Opus Properties' Officers and their respective service dates were as follows:

| | |
|---|---|
| Andrew Deckas | 1/1/2002 through 12/31/2008 (as SVP) |
| | 1/1/2009 through End of Report (as President) |
| Mark Rauenhorst | 2/26/1999 through 12/31/2008 (as President) |
| | |
| Steven Polacek | 9/25/2005 through 5/1/2009 (as SVP and Treasurer) |
| Ronald Schiferl | 1/1/1999 through 6/24/2005 (as SVP and Treasurer) |
| Marshall Burton | 2/1/2009 through 3/20/2009 (as VP) |
| Luz Campa | 1/1/2000 through End of Report (as VP) |
| James Heller | 6/26/2006 through 12/31/2008 (as VP) |
| Wade Lau | 1/1/2002 through End of Report (as VP) |
| | 5/2/2009 through End of Report (as Treasurer) |
| James Lee | 10/1/2004 through 12/31/2008 (as VP) |
| Dan Nicol | 3/1/2000 through 5/1/2009 (as VP and Secretary) |
| David Watson | 5/1/2007 through End of Report (as VP) |
| | 5/2/2009 through End of Report (as Secretary) |
| Gary Derfus | 10/9/2009 through End of Report (as Tax Officer) |

35.    ODP Princeton LLC (established in April 2006), ODP Rock Spring, LLC (established in July 2004), ODP Manassas, LLC (established in January 2008) and ODP Enterprise, LLC (established in October 2008) (collectively, the "ODP Entities") were joint ventures among Opus East, Opus Properties, LLC and third party investors.  Opus Properties served as the ODP Entity's manager and Opus East entered into a development agreement and

construction contract with the ODP entity.   Opus East made an initial capital contribution of land, cash, or both to obtain an ownership interest, typically 10-15%, in the ODP Entity.

36.   On December 17, 2008 a Certificate of Formation for Opus 2, LLC was filed with the Delaware Secretary of State.  Opus 2, LLC was 100% owned by the Trusts.

37.   On approximately December 31, 2010 a Certificate of Amendment to Certificate of Formation of Opus 2, LLC was filed with the Delaware Secretary of State.  Pursuant to the December 31, 2010 amendment, Opus 2, LLC changed its name to Opus Investments, LLC.

38.   From January 1, 2005 to December 31, 2009, Opus Investments, LLC's (f/k/a Opus 2, LLC) Board of Directors and their respective service dates were as follows:

| | |
|---|---|
| Gerald Rauenhorst | 12/17/2008 through 4/6/2009 |
| Luz Campa | 12/17/2008 through End of Report |
| Paul Lewis | 4/6/2009 through End of Report |
| Keith Bednarowski | 12/17/2008 through End of Report |

39.   From January 1, 2005 to December 31, 2009, Opus Investments, LLC's (f/k/a Opus 2, LLC) Officers and their respective service dates were as follows:

| | |
|---|---|
| Keith Bednarowski | 12/17/2008 through 4/6/2009 (as President and Treasurer)<br>4/6/2009 through End of Report (as President) |
| Margaret Bozesky | 12/16/2008 through End of Report (as VP and Tax Officer) |
| Luz Campa | 12/17/2008 through End of Report (as VP and Secretary) |
| Paul Lewis | 4/6/2009 through End of Report (VP and Treasurer) |

40.    Opus Holding LLC was formed in Delaware on approximately January 23, 2009 and was owned 100% by the Trusts.

41.    From January 1, 2005 to December 31, 2009, Opus Holding, LLC's Board of Directors and their respective service dates were as follows:

| Keith Bednarowski | 1/23/2009 through 4/9/2009 (as Director) |
|---|---|
| | 4/9/2009 through End of Report (as Chairman) |
| Luz Campa | 1/23/2009 through End of Report |
| Paul Lewis | 12/17/2008 through End of Report |

42.    From January 1, 2005 to December 31, 2009, Opus Holding LLC's Officers and their respective service dates were as follows:

| Keith Bednarowski | 1/23/2009 through 6/29/2010 (as President) |
|---|---|
| | 1/23/2009 through 12/31/2010 (as CEO) |
| | 1/23/2009 through 8/31/2011 (as Chairman) |
| Margaret Bozesky | 1/23/2009 through End of Report (as VP and Tax Officer) |
| Luz Campa | 1/23/2009 through 3/30/2011 (as VP and Secretary) |
| Paul Lewis | 12/17/2008 through 3/30/2011 (as VP and Treasurer) |

43.    Opus Design Build, LLC ("Opus Design Build") was formed on approximately April 6, 2009. Opus Design Build is a wholly owned subsidiary of Opus Holding, LLC.

44.    Opus Holding, Inc. was formed in Minnesota on April 9, 2009 and is owned 100% by the Trusts.

45.    From January 1, 2005 to December 31, 2009, Opus Holding, Inc.'s Board of Directors and their respective service dates were as follows:

| Luz Campa | 4/9/2009 through End of Report |
|---|---|
| Paul Lewis | 4/9/2009 through End of Report |
| Keith Bednarowski | 4/9/2009 through End of Report (as Chairman) |

46.    From January 1, 2005 to December 31, 2009, Opus Holding Inc.'s Officers and their respective service dates were as follows:

| Keith Bednarowski | 4/9/2009 through 6/29/2010 (as President) 4/9/2009 through 12/31/2010 (as CEO) 4/9/2009 through 8/31/2011 (as Chairman) |
|---|---|
| Margaret Bozesky | 4/9/2009 through End of Report (VP and Tax Officer) |
| Luz Campa | 4/9/2009 through 3/30/2011 (as VP and Secretary) |
| Paul Lewis | 4/9/2009 through 3/30/2011 (as VP and Treasurer) |

47.    Opus AE Group, Inc. was formed in Minnesota on approximately August 5, 2010 and was a wholly owned subsidiary of Opus Holding, Inc.

48.    Opus East and its sole member, Opus LLC, were pass-through entities, which paid no taxes; only the Trusts paid taxes attributable to the holding companies the Trusts owned and the holding companies' operating subsidiaries.

49.    Opus East made an annual charitable distribution of 9% of its net income to Opus, LLC and an additional 1% donated directly to charity.

50.    Opus East paid 80% of the estimated divided and charitable distribution in December of each year. In March of the following year, after a "true-up" for actual year end-results, Opus East distributed to Opus, LLC the remaining portion of the dividend and charitable distributions.

51.    Opus East had one unsecured operating line of credit from Bank of America.

**JOINT PRETRIAL ORDER**                                                                                     **Page 18**

52.    During the 2007-2009 time period, loans from Opus Financial and OUS TFC, and Opus East's principal repayments of those loans, were as follows:

| Date | OUS TFC, LLC to Opus East | Opus Financial, LLC to Opus East |
|---|---|---|
| 7/31/2007 | - | $3,250,000 |
| 8/24/2007 | $3,000,000 | - |
| 9/12/2007 | 3,500,000 | - |
| 10/5/2007 | 4,500,000 | - |
| 10/18/2007 | (11,000,000) | - |
| 11/8/2007 | - | 1,500,000 |
| 11/16/2007 | - | (4,750,000) |
| 12/6/2007 | - | 3,000,000 |
| 12/21/2007 | - | 6,500,000 |
| 1/10/2008 | - | 2,250,000 |
| 1/25/2008 | 2,750,000 | - |
| 1/31/2008 | 3,300,000 | - |
| 2/7/2008 | - | 1,500,000 |
| 2/15/2008 | - | 1,250,000 |
| 2/26/2008 | 5,000,000 | - |
| 3/6/2008 | 1,250,000 | - |
| 3/13/2008 | (6,000,000) | - |
| 3/25/2008 | 6,000,000 | - |
| 4/1/2008 | 1,000,000 | - |
| 4/29/2008 | 7,600,000 | - |
| 5/28/2008 | 9,250,000 | - |
| 7/9/2008 | (13,500,000) | - |

| Date | OUS TFC, LLC to Opus East | Opus Financial, LLC to Opus East |
|---|---|---|
| 7/31/2008 | - | 20,000,000 |
| 9/9/2008 | (20,000,000) | - |
| Adjustment | 3,350,000 | (3,350,000) |
| 11/13/2008 | - | 3,100,000 |
| 5/29/2009 | - | 216,002 |
| 6/3/2009 | - | 146,000 |
| **TOTAL** | - | **$34,612,002** |

Positive numbers indicate loans made to Opus East; negative numbers indicate principal repayments by Opus East. Opus East owed OUS TFC $30,150,000.00 in principal on July 9, 2008. Opus East owed OUS TFC $16,500,000.00 in principal on September 9, 2008.

53. With respect to the loans from Opus Financial or OUS TFC a 10% interest rate was charged.

54. In 2004 the U.S. General Services Administration ("GSA") had issued a solicitation for offers to build the National Oceanic and Atmospheric Administration National Center for Weather and Climate Prediction in Maryland (the "NOAA Project").

55. Maryland Enterprise, LLC, a special purpose entity created by, and wholly owned subsidiary of, Opus East, submitted a proposal for the NOAA Project and was awarded the project by the GSA in approximately March 2005.

56. Maryland Enterprise, LLC was formed solely for the purpose of the NOAA project.

57. Maryland Enterprise, LLC was the ground tenant under an approximately 53-year ground lease, for which the University of Maryland served as the ground lessor.

58.    Jim Lee, Opus East's CEO, executed the initial contract with the GSA on behalf of Maryland Enterprise, LLC.

59.    Construction on the NOAA Project was originally scheduled to begin in December 2005.

60.    Commencement of construction of the NOAA Project did not begin when scheduled and experienced many delays.

61.    The GSA missed several deadlines for plan approvals and materials selection which contributed to the delay.

62.    By the time Opus East and Maryland Enterprise, LLC were able to begin construction of the NOAA Project the cost of construction materials had substantially increased.

63.    GSA change orders regarding design and construction of the NOAA Project totaled approximately $37,000,000.

64.    By March 2007 construction on the NOAA Project had been delayed approximately 16 months and Opus East estimated that the cost of the NOAA Project had increased by approximately $22,000,000.

65.    In May 2009 Maryland Enterprise, LLC filed a Complaint for Declaratory Relief in the United States Court of Federal Claims.

66.    Opus East had a separate property management subsidiary – Opus East Management, LLC.

67.    Opus East Management, LLC was a Delaware limited liability company.

68.    In the Spring of 2009, Opus East Management, LLC transferred certain of its assets, including but not limited to certain of its management contracts, to Opus Property Services, LLC.

69.    Opus Property Services, LLC was formed in April 2009.

70.    From January 1, 2005 to December 31, 2009, Opus Property Services, LLC's Board of Directors and their respective service dates were as follows:

| | |
|---|---|
| Margaret Bozesky | 10/17/2009 through End of Report |
| Michael Dwyer | 4/6/2009 through 10/1/2009 |
| Paul Lewis | 10/17/2009 through End of Report |
| Dan Nicol | 4/6/2009 through 9/4/2009 |
| Steven Polacek | 4/6/2009 through 10/16/2009 |
| Vicki Ribich | 4/6/2009 through 10/1/2009 |

71.    From January 1, 2005 to December 31, 2009, Opus Property Services' Officers and their respective service dates were as follows:

| | |
|---|---|
| Michael Dwyer | 4/6/2009 through 4/20/2009 (as President)<br>4/21/2009 through 10/1/2009 (EVP) |
| Paul Lewis | 10/17/2009 through End of Report (as President and Treasurer) |
| Mark Rauenhorst | 4/21/2009 through 10/16/2009 (as President) |
| Margaret Bozesky | 10/17/2009 through End of Report (as VP and Secretary) |
| Steven Polacek | 9/29/2009 through 10/16/2009 (as VP)<br>4/6/2009 through 10/16/2009 (as Secretary) |
| Vicki Ribich | 4/6/2009 through 10/1/2009 (as Treasurer) |
| Matthew Heacox | 7/1/2009 through 7/1/2009 (Assistant Secretary) |
| Peter Stiven | 6/1/2009 through 10/1/2009 (Assistant Secretary) |
| Mark Stromgren | 6/1/2009 through 10/1/2009 (Assistant Secretary) |
| Gary Derfus | 10/9/2009 through End of Report (Tax Officer) |

| Timothy Smith | 4/6/2009 through 10/8/2009 (as Tax Officer) |

72.    In May 2008 a third-party buyer signed a purchase agreement with Opus East's SPE, 100 M St, SE, LLC ("100 M Street"), for the project located at 100 M Street SE in Washington, D.C.

73.    In May 2008,the buyer made a $5 million non-refundable earnest-money deposit ("Deposit") with an escrow agent.  Ultimately, the sale of the 100 M Street project did not close at the end of 2008 as anticipated.

74.    100 M St., SE, LLC borrowed approximately $68 million from Bank of America in connection with its development and construction of the 100 M Street Project.

75.    At the time of the Petition Date, several Defendants were scheduled as holding claims against Opus East or filed proofs of claim against Opus East as detailed below:

a.    Defendant Opus Corp was scheduled as holding $1,333,964.32 in claims.

b.    Defendant A&E, Inc was scheduled as holding $354,150.13 in claims.

c.    Defendant A&E P.C. was scheduled as holding $92,138.84 in claims.

d.    Defendant Opus Financial was scheduled as holding $36,048,599.39 in claims.

e.    Defendant Opus Northwest was scheduled as holding $2,000.00 in claims.

f.    Defendant Opus Core was scheduled as holding 4,401,599.00 in claims.

g.    Defendant Marshall Burton filed Proof of Claim no. 236, alleging a claim of not less than $718,108.71 against the Debtor.

**V.    ISSUES OF FACT THAT REMAIN TO BE LITIGATED**

    **A.    PLAINTIFF'S STATEMENT OF ISSUES OF FACT THAT REMAIN TO BE LITIGATED**

Plaintiff's Statement of Issues of Fact that Any Party Contends Remain to be Litigated is attached hereto as Exhibit P-1.

    **B.    DEFENDANTS' STATEMENT OF ISSUES OF FACT THAT REMAIN TO BE LITIGATED**

Defendants' Statement of Issues of Fact that Any Party Contends Remain to be Litigated is attached hereto as Exhibit D-1.

**VI.    ISSUES OF LAW THAT REMAIN TO BE LITIGATED**

    **A.    PLAINTIFF'S STATEMENT OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED**

Plaintiff's Statement of Issues of Law that Any Party Contends Remain to be Litigated is attached hereto as Exhibit P-2.

    **B.    DEFENDANTS' STATEMENT OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED**

Defendants' Statement of Issues of Law that Any Party Contends Remain to be Litigated attached hereto as Exhibit D-2.

**VII.    EXHIBITS**

    **A.    PLAINTIFF'S EXHIBITS (attached as Exhibit P-3)**

B.    **PLAINTIFF'S DEPOSITION EXCERPTS (attached as Exhibit P-4)**

C.    **DEFENDANTS' EXHIBITS (attached as Exhibit D-3)**

D.    **DEFENDANTS' DEPOSITION EXCERPTS (attached as Exhibit D-4)**

## VIII. WITNESSES

### A. PLAINTIFF'S WITNESSES

Plaintiff's proposed witness list is attached hereto as Exhibit P-5.

### B. DEFENDANTS' WITNESSES

Defendants' proposed witness list is attached hereto as Exhibit D-5.

## IX. STATEMENT OF WHAT PLAINTIFF INTENDS TO PROVE IN SUPPORT OF PLAINTIFF'S CLAIMS, INCLUDING DETAILS REGARDING DAMAGES AND/OR OTHER RELIEF

Plaintiff intends to prove all of his contested facts identified in Section V above, as well as all of the claims set forth in Exhibit P-6 attached hereto and incorporated herein by this reference.

## X. STATEMENT OF WHAT DEFENDANTS INTEND TO PROVE AS DEFENSES

Defendants intend to prove all of the issues of fact that any party contends remain to be litigated, as identified in Section V.B above, as well as all of the defenses set forth in Exhibit D-6 attached hereto and incorporated herein by this reference.

## XI. STATEMENTS BY COUNTER-CLAIMANTS OR CROSS CLAIMANTS

There are no counter or cross claimants in this cause of action.

## XII. AMENDMENTS TO PLEADINGS

Plaintiff does not have any proposed amendments at this time.

## XIII. CERTIFICATON OF SETTLEMENT EFFORTS

The Parties participated in mediation during the early stages of discovery on January 5, 2012.

## XIV.  ANY OTHER MATTERS THE PARTIES DEEM APPROPRIATE

Defendants have proposed that trial time be divided equally between the parties.

Because he bears the burden of proof on all causes of action before the Court, Plaintiff has proposed that he be given sixty percent (60%) of the allotted time for trial but is prepared to proceed should the Court determine that an equal division of time is appropriate.

## XV.  ESTIMATED LENGTH OF TRIAL

Trial in this matter is scheduled to commence on December 16, 2013, and one week of trial time as been set by the Court.  Plaintiffs contend that this case can be tried in the time allotted by the Court.  Defendants disagree and contend that the trial will take longer than the time currently scheduled and will need to be resumed, and that in the event trial is not concluded during that week, the Court and the Parties will discuss scheduling.

**THIS ORDER SHALL CONTROL THE SUBSEQUENT COURSE OF THE ACTION UNLESS MODIFIED BY THE COURT TO PREVENT MANIFEST INJUSTICE.**

Dated: ___Dec. 9___ , 2013          _____
                                    THE HONORABLE MARY F. WALRATH
                                    United States Bankruptcy Court Judge